been quoted, is not disputed, and it seems to me that it takes from under the plaintiff every ground upon which he could ask to have the agreement set aside. His real, substantial objection is that two years afterwards he came to the conclusion that he had made a mistake, and would be better off if he could get back all the property which he had conveyed, with the firm obligations settled and out of the way. There is no case with which I am familiar in which a court of equity has set aside an agreement formally prepared and executed under circumstances here detailed.

There are many exceptions to rulings upon evidence, but none of them requires notice. No competent evidence that could in any way help the plaintiff was excluded, and no error was committed that would justify the reversal of the judgment.

The plaintiff also appeals from the order granting an extra allowance to the defendants other than Ormiston. We think the nature of the action fully justified the action of the court in granting the allowance. The trial of the case took many days, involved an immense amount of preparation, and the case was certainly an extraordinary one.

My conclusion is that the appeal is without merit, and that the judgment and order appealed from should be affirmed, with costs. All concur.

PEOPLE ex rel. LONG ISLAND R. CO. v. FEITNER et al., Com'rs of Taxes and Assessments.

(Supreme Court, Appellate Division, First Department. July 17, 1900.)

1. TAX COMMISSIONERS—CERTIORARI—RETURN—COLLATERAL ATTACK.
    Where the tax commissioners for the city of New York failed to make return of their proceedings concerning the assessment of the relator's property as required by writ of certiorari issued by the supreme court, whether the place of return required by the writ was proper cannot be attacked in proceedings against the commissioners for contempt for failure to make the return.

2. SAME—WRIT—WHERE RETURNABLE.
    Tax Law 1896, § 251, provides that a petition for a writ of certiorari must be presented to a justice of the supreme court or at a special term of such court in the judicial district in which the assessment complained of was made. Greater New York Charter, § 906, requires that certiorari to review any final determination of the board of taxes and assessments shall be directed to the commissioners of taxes and assessments. Section 890 provides that the main office of the department of taxes and assessments shall be maintained in the borough of Manhattan, and that there shall be an office of the department in each of the other boroughs, which shall be a part of the main office. A domestic corporation, having its principal place of business in the borough of Queens, aggrieved by the final determination of the commissioners of taxes and assessments in relation to real estate in the boroughs of Queens and Brooklyn, petitioned, under Tax Law 1896, § 251, for a writ of certiorari, which was issued, requiring the commissioners to make return of their proceedings in relation to the property at a special term of the supreme court in the First judicial district, in the city and county of New York. Held, that the return was properly required to be made at the First judicial district, in which the main office of the department of taxes and assessments is maintained, since all acts essential to the completion of a valid assessment are considered as performed in the main office.

Appeal from special term, New York county.

Certiorari by the people, on the relation of the Long Island Railroad Company, against Thomas L. Feitner and others, to review the assessment of relator's property for taxation. Respondents failed to make return, and from an order adjudging them guilty of contempt they appeal. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and INGRAHAM, JJ.

George S. Coleman, for appellant.
Wm. Allaire Shortt, for trustees of Sailors' Snug Harbor.
William J. Kelly, for respondent.

INGRAHAM, J. The relator presented a petition to the supreme court, upon which a writ of certiorari was granted, which recited that the relator is a domestic corporation having its principal place of business in the borough of Queens, in the city and state of New York, and that the relator is aggrieved by a final determination of the respondents in relation to the assessment of certain real estate in the boroughs of Queens and Brooklyn, in said city, and which writ required the respondents to make a return at a special term of the supreme court to be held at the court house in the city and county of New York, on a day named, "of all your proceedings concerning the assessment of the property of the relator hereinabove described, had and taken by you." The respondents failed to make such a return, whereupon a motion was made to punish them for contempt, which was granted, and from such determination the respondents appeal.

The respondents based their refusal to comply with the writ upon the ground that under the law the writ must be applied for in the Second judicial district, and made returnable there, and that therefore the writ was of no effect. This contention is based upon section 251 of the tax law (chapter 908 of the Laws of 1896), which provides that a petition for a writ of certiorari must be presented to a justice of the supreme court, or at a special term of the supreme court in the judicial district in which the assessment complained of was made; that upon the presentation of such a petition the justice or court may allow a writ of certiorari to the officers making the assessment, to review the assessment.

Assuming that this writ was issued under the provisions contained in this chapter, the first question presented is whether this point can be raised upon a motion to enforce the writ. The writ was granted by a justice of the supreme court while holding a special term in the city and county of New York. Whether or not the writ should be returnable at a special term to be held in the city and county of New York, or returnable at a special term to be held in the Second judicial district, was a judicial question presented to the justice to whom the application was made. So long as the writ remained in full force and effect, it was the duty of the respondents to comply with its command, and the validity of the writ could not be attacked collaterally. The writ certainly was not void. A justice of the supreme

court has, by the constitution, the power to hold court in any county of the state; and, as the justice could grant the writ, his determination of the question as to the place of the return could only be attacked in a direct proceeding for that purpose, and not upon an application to enforce the writ. The court below was therefore correct in compelling a compliance with the command of the writ.

We are, however, of the opinion that the writ was correctly returnable at the special term held in the First judicial district. Under the provision of the tax law before cited, the only writ allowed is the writ to the officer making the assessment, and, if the respondents were not such officers, then the petitioners were not entitled to the writ. The respondents are the tax commissioners of the city of New York. It is their official action that is to be reviewed, and their duties are prescribed by the charter of the city of New York. If their official acts which it is sought to review were performed within the county of New York, then it would seem to follow that the writ must be returnable at a special term held in the county of New York. Section 885 of the charter (chapter 378 of the Laws of 1897) provides that the head of the department of taxes and assessments shall be called the "Board of Taxes and Assessments." Section 886 provides that:

"All of the rights, powers and duties heretofore devolved by law upon the board of taxes and assessments in the city of New York, upon the department of assessment of the city of Brooklyn, and upon like departments, boards and officers of taxes and assessments other than for street improvements in the other municipal and public corporations or parts of municipal and public corporations consolidated by this act with the municipal corporation known as the mayor, aldermen and commonalty of the city of New York, are hereby devolved, unless otherwise herein expressly provided, upon and vested in the board of taxes and assessments in the city of New York."

Section 887 provides that:

"The board of taxes and assessments shall appoint persons to be known as deputy tax commissioners, not exceeding forty in number, who shall perform under the direction and supervision of the board of taxes and assessments, such duties as the said board shall prescribe."

Section 889 provides that it shall be the duty of the deputy tax commissioners, under the direction of the board of taxes and assessments, to assess all the taxable property in the several districts that may be assigned to them for that purpose by said board. Section 890 provides that:

"There shall be an office of the department of taxes and assessments in the borough of Brooklyn, a like office of the department in the borough of Queens, a like office of the department in the borough of Richmond, and a like office of the department in the borough of the Bronx; at which the duties of the department of taxes and assessments pertaining to the assessment of property in the said several boroughs shall, under the direction of the board of taxes and assessments, be performed by such number of the deputy tax commissioners or other employés of the department of taxes and assessments as the said department may decide to be necessary and assign to such duties. Such offices shall in law be a part of the main office, and the main office of the department of taxes and assessments shall be maintained in the borough of Manhattan."

Section 893 provides that:

"The department of taxes and assessments shall cause to be prepared and kept in the main office of the department of taxes and assessments, books to

be called 'The Annual Record of the Assessed Valuations of Real and Personal Estate of Corporations,' and it shall be the duty of the deputy tax commissioners in the several districts in the several boroughs which may be assigned to them for that purpose by the board of taxes and assessments, to furnish to the department of taxes and assessments, under oath at their main office, at the time that such statement is filed in any office of the department of taxes and assessments in any borough other than in the main office in the borough of Manhattan, a duplicate detailed statement of the assessable property of corporations, both real and personal, which said statements of said deputy tax commissioners shall be entered upon the books to be kept in the main office of the department of taxes and assessments, to be known as the 'Annual Record of the Assessed Valuation of Real and Personal Estate of Corporations.' "

By section 895 provision is made for the correction of the assessment of property for taxation, and it is there provided that:

"During the time that books shall be open to public inspection as aforesaid application may be made by any person or corporation claiming to be aggrieved by the assessed valuation of real or personal estate, to have the same corrected. * * * The board of taxes and assessments shall examine into the complaint, as herein provided, and if in their judgment the assessment is erroneous they shall cause the same to be corrected."

Section 896 provides that:

"The board of taxes and assessments may increase at any time before the 1st of May in each year, or may diminish at any time before the closing of the books of 'Annual Record' on the 1st day of May in each year, the assessed valuation of any real or personal estate of any individual or corporation as in its judgment may be just or necessary for the equalization of taxation."

Section 898 provides that the board of taxes and assessments shall hear at their main office all applications of corporations for revision and cancellation of assessments. Section 906 provides that a certiorari to review or correct on the merits any final determination of the board of taxes and assessments shall be allowed by the supreme court or any justice thereof directed to the commissioners of taxes and assessments on the verified petition of the party aggrieved. Section 908 provides that any determination or decision made by the board of taxes and assessments, if made by a majority of the board, shall, within the meaning of the act, be held to be the act, determination, or decision of the board.

This proceeding is brought under the provisions of section 906 of the charter, and is to review the final determination of the board of commissioners of taxes and assessments in determining the amount of an assessment of the relator's real estate upon an application to correct an assessment made by the deputies, which the relator alleged was erroneous. That final determination of the board was alleged in the petition to have been, and under the charter must have been, made at the office of the board, in the city and county of New York, and therefore in the First judicial district. It was there that the act was performed which it was sought to review, and that act of refusing to correct an assessment alleged to be erroneous was the final assessment of the property of the relator for taxation, and in fact was the only assessment that the court could review. The preliminary act of the assessors appointed for the boroughs of Brooklyn and Queens, in determining the value of the property, was the act of the respondents' subordinate, was required to be reported to the board, and obtained

force and validity by the action of the board. That it was the intention of the legislature to make all the acts of those subordinate officers acts of the board, and performed at the request of the board, is apparent from the provision of section 890, before cited, which, when providing for an officer of the department to be maintained in the different boroughs of the city, provided that such offices shall be, in law, a part of the main office, and that the main office of the department of taxes and assessments shall be maintained in the borough of Manhattan. All acts, therefore, that were performed by these subordinate officers, were performed at a part of the main office, which main office was legally located in the county of New York. Whatever view may be taken as to just what acts constituted the making of the assessment, it would seem that it was the intention of the legislature to provide that all of the acts essential to the completion of a valid assessment should be considered to be performed by the board of taxes and assessments, or their subordinate, in their main office, within the county of New York, and that all proceedings to review assessments for taxes in the various boroughs of the city should be instituted in one judicial district; and this is emphasized in the case of corporations by the provisions that all applications for the correction of assessments upon real and personal property must be heard before the board of taxes, at their main office, in the county of New York. However much we may regret that this provision throws upon the overburdened courts of this district so much additional labor, there would seem to be no escape from the conclusion that the writ must, in all proceedings brought under section 251 of the tax law, where it is sought to review the final determination of the board of taxes and assessments, as a board, be returnable in the First judicial district.

It follows that the order appealed from must be affirmed, with $10 costs and disbursements. All concur.